IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROWENA MOLSON, | ) | |
| Plaintiff, | ) | C.A. No. 18-263 Erie |
| v. | ) | |
| | ) | |
| VISA, WIDGET FINANCIAL, INC., | ) | District Judge Susan Paradise Baxter |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Rowena Molson commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against the Defendant, "VISA, Widget Financial Inc." The complaint alleges, in pertinent part, the following:

> For over fourteen years Plaintiff Rowena Molson requests by phone and written text letter for VISA to contact via communication without avail. The subject matter of the request written by Plaintiff is for 'prove it or remove it' of computer text 'strike off car loan (with amount) $5450.00. This payment is fully paid in 2005 and the false statement of non-payment was sent to credit score companies 1) Wells Fargo 2) Western Union 3) Kharma to develop a credit score rating for Plaintiff of zero.

(ECF No. 1-1, Section III). As relief for her claim, Plaintiff seeks "removal by [Defendant] to facilitate the restoration of credit score rating greater than 'zero' for Plaintiff." (Id., Section IV).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v.

---
[1] This provision was formerly codified as 28 U.S.C. §1915(d).

Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, Plaintiff cites as the legal bases for her claim the False Claims Act and breach of contract; however, Plaintiff's allegations are best construed as claiming a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("the Act"). The Act provides, *inter alia*, that "an action to enforce any liability created under this title may be brought in any appropriate United States district court …, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the

2

violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. However, Plaintiff's allegations make clear that she has been attempting to contact Defendant to report the alleged violation "for over fourteen years," or at least since 2005, when Plaintiff alleges the car loan at issue was fully paid. Based on these allegations, it is apparent that the alleged violation occurred more than five years ago and was discovered by Plaintiff more than two years ago. Thus, Plaintiff's claim is untimely. Because Plaintiff would not be able to cure this deficiency by amendment, the "complaint" must be dismissed with prejudice.

An appropriate Order follows.